IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| EUGENE GAMBOA OTHON, JR., KRISTA L.K. OTHON and MARK LEDING,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE BON-TON DEPARTMENT STORES, INC., Individually and d/b/a "LIVING QUARTERS" and "YOUNKER'S",<br><br>        Defendants. | No. 4:11-CV-00379-SMR-CFB<br><br>**RECOMMENDATION AND ORDER** |

    This matter came before the Court for hearing on March 28, 2013. Appearing were: Richard Eddington, Robert Blake Brunkenhoefer, Jeffrey Carter, Brian Galligan, John Patton, Patrick McNulty, Henry Harmon, Joseph Moser, Zach Vaughn, Elizabeth Alberico, Tracy Beggs, William Bush, and Bradley Obermeier. After confirming that the counterclaims against Mark Leding and third-party claim against Defendant C.K. Group Inc., have been dismissed (Clerk's No. 89), Mr. Busch and Mr. Obermeier were excused. On March 27, 2013, all parties filed a Stipulation of Dismissal of Plaintiff Shannon Leding's claims against Defendant The Bon-Ton Department Stores, Inc. ("Bon-Ton"). (Clerk's No. 110). Based on discussions with counsel, and a review of the pleadings, the Court FINDS and ORDERS:

    1. *Status of Bird Brain, Inc.* All Plaintiffs have reached a settlement with Bird Brain, Inc. ("Bird Brain"). Defendant contends that, to comply with Fed. R. Civ. P. 10(a) and Iowa Code § 668.2, Bird Brain must remain on the case caption as a "released party." (Clerk's Nos. 64, 69). Before the settlement was finalized, on February 25, 2013, Plaintiffs filed a Motion for

Leave to File Plaintiffs' Third Amended Complaint. (Clerk's No. 82). On March 8, 2013, Bon-Ton filed a Resistance (Clerk's No. 90), objecting to Plaintiffs' Third Amended Complaint because the caption failed to identify Bird Brain as a party. Bon-Ton also argues that the Third Amended Complaint is futile, because Count II is improperly based in strict liability. On March 15, 2013, Plaintiffs and Bird Brain filed a Stipulation of Dismissal (Clerk's No. 93), which did not comply with the provisions of Fed. R. Civ. P. 41(a)(1)(A)(ii) relating to voluntary dismissal, because it was not signed by Defendant Bon-Ton. Bon-Ton does not consent to the dismissal of Bird Brain from this action.

At the hearing, the Motions regarding Bird Brain's status were also argued pursuant to Fed. R. Civ. P. 41(a)(2), which provides that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

The parties were offered, and declined, additional time to brief this issue. It is RESPECTFULLY RECOMMENDED that Defendant Bird Brain, Inc., be dismissed from this action, on the terms that Bird Brain be properly included in the jury instructions and on the verdict form at trial for comparative fault purposes, pursuant to Iowa Code § 668.7. After an *in camera* review of the releases and settlement agreements (discussed below), the Court may also add the term that the dismissal of Bird Brain requires disclosure of this material to Bon-Ton. Defendant's Motion for Clarification of Bird Brain's status (Clerk's No. 64), and Motion to Compel Plaintiffs to Add and Designate Bird Brain, Inc., as a Defendant and Released Party (Clerk's No. 69) are **denied.** It is RESPECTFULLY RECOMMENDED that Plaintiffs' Motion for Leave to File a Third Amended Complaint (Clerk's No. 82), which does not include Bird Brain as a party in the

caption or in the pleadings, be **granted.** Dispositive motions with regard to the legal basis for the claims in the Third Amended Complaint should be filed promptly so that they can be addressed by the trial judge.

     2. *Discovery from Bird Brain.* On February 18, 2013, Bon-Ton filed a Motion to Compel discovery from Bird Brain. (Clerk's No. 78). At the March 28, 2013 hearing, Bon-Ton represented that this dispute is limited to one item: a video recorded around June or July 2011, showing two officers of Bird Brain conducting an experiment with some type of fuel gel product in a garage (the "garage test video"). The testing was conducted at the instruction of Bird Brain's counsel at that time, due to an investigation and potential litigation by the Consumer Product Safety Commission ("CPSC"), or others, relating to recall of the product(s) from the market. Other product tests were conducted by Bird Brain for business purposes, all of which Bird Brain has produced in this case.

     Bon-Ton contends that it has a substantial need for the garage test video on the comparative fault issue, because it goes to the scope of knowledge Bird Brain had about the safety of the product, and when it obtained that knowledge, particularly in relation to information it passed along to Bon-Ton. Bon-Ton can question the Bird Brain officers at their upcoming depositions regarding product safety information, and when they obtained that information. The Court finds that the "garage test video" was made by Bird Brain in anticipation of litigation at the advice of counsel, and is protected by the work product privilege. The limitations surrounding this test, including the particular fuel gel used and how it was conducted, along with the availability of videos of similar CPSC testing made near the time of the garage test video, establishes that Bon-Ton does not have a substantial need for production of the garage test video

in order to effectively question the Bird Brain officers or pursue other discovery.  For the reasons and authorities asserted in Bird Brain's Resistance (Clerk's No. 87), Bon-Ton's Motion to Compel Discovery from Bird Brain (Clerk's No. 78) is **denied.**

      3.  *Discovery from Plaintiffs.*  On February 28, 2013, Bon-Ton filed a Motion to Compel Discovery of Plaintiff Eugene Othon (Clerk's No. 79) regarding his medical records.  Bon-Ton has now received the necessary authorizations to obtain this information, and the parties agree that this motion is moot.  Bon-Ton's Motion to Compel Discovery of Plaintiff Eugene Othon (Clerk's No. 79) is **denied as moot.**

      On March 26, 2013, Bon-Ton filed a Second Motion to Compel Discovery of Plaintiff Eugene Othon (Clerk's No. 105) regarding the Release and Settlement Agreement between Mr. Othon and Bird Brain.  At the hearing, counsel for all Plaintiffs and Bird Brain informed the Court that releases have now been executed.  Plaintiffs object to producing the documents, contending that the information is confidential, and is not relevant or material.  Bon-Ton argues that the releases and settlement agreements may affect its rights and obligations in this case, because under Iowa law, the releases may discharge Bon-Ton's liability without specifically naming Bon-Ton.  Additionally, the terms of these releases may provide the basis for inquiry as to a party's credibility, bias, or prejudice.  Bon-Ton agrees that the amount of the settlement may be redacted, and agreed to a Protective Order to limit any publication of the contents of the releases and settlement agreements between Plaintiffs and Bird Brain.

      By April 5, 2013, Eugene Othon, Mark Leding, and Shannon Leding, shall produce to the Court for *in camera* review copies of their settlement agreements and releases with Bird Brain.  After *in camera* review, the Court will issue a ruling regarding Bon-Ton's Second Motion to

Compel Discovery of Plaintiff Eugene Othon. (Clerk's No. 105) which now includes all Plaintiffs. Production of the settlement agreements and releases may also be required as a term of dismissal of Bird Brain, Inc. pursuant to Iowa Code § 668.7, as discussed above.

  4. *Scheduling.* On March 12, 2013, Bon-Ton filed a Motion for Extension of Time to Designate Defendant's Expert Witnesses (Clerk's No. 91), which Plaintiffs resisted (Clerk's No. 102) on March 25, 2013. On March 26, 2013, Bon-Ton filed a Motion to Continue Trial (Clerk's No. 106), which Plaintiffs resisted at the hearing on March 28, 2013. Given the current status of the case, the Court finds that the June 17, 2013 trial date is not realistic. Bon-Ton's Motion for Extension of Time to Designate Defendant's Expert Witnesses (Clerk's No. 91) and Motion to Continue Trial (Clerk's No. 106) are **granted.** The Court sets the following deadlines:

  a. Defendant's deadline to designate its expert witnesses: **May 15, 2013**;

  b. Plaintiffs' deadline to designate rebuttal experts: **July 1, 2013;**

  c. Discovery deadline (for completion of all discovery): **August 2, 2013;**

  d. Dispositive Motions deadline: **September 2, 2013;**

  e. Final Pretrial Conference is set for **11:00 a.m. on January 3, 2014,** before the undersigned;

  f. Three-week jury trial is set before The Honorable Stephanie M. Rose commencing **January 13, 2014.**

The final pretrial conference set for June 5, 2013, and jury trial set for June 17, 2013, are cancelled. No further continuances of the trial date will be granted, absent a showing of exceptional circumstances.

5.  *Recommendation.*  It is RESPECTFULLY RECOMMENDED that pursuant to Fed. R. Civ. P. 41(a)(2) Defendant Bird Brain, Inc., be dismissed from this action, and Plaintiffs be granted leave to file their proposed Third Amended Complaint.  (Clerk's No. 82-1).  Pursuant to Fed. R. Civ. P. 72(b)(2), any objection to this Recommendation and related findings shall be filed by April 18, 2013.

IT IS SO ORDERED.

Dated this 3rd day of April, 2013.

CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE